UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21-CR-206 (EGS) |
| | : | |
| v. | : | |
| | : | |
| JONATHAN MELLIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**JOINT RESPONSE TO THE COURT'S MINUTE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the above defendant, by and through his counsel, David Benowitz, Esq., respectfully submit this Joint Response to the Court's Minute. In support of this motion, the parties rely on the following points and authorities and any other such points and authorities as may be raised at any hearing on this matter.

On June 3, 2022, the Court issued a Minute Order directing the parties to inform the Court by June 4, 2022, at 5:00 PM, "addressing whether the Court can consider the appointment of an appropriate third-party custodian as a mitigating factor against any assessment of a defendant's future dangerousness." *See* Court's Minute Order Dated June 3, 2022.

Undersigned counsel for the government and counsel for the defendant states that this Court to determine the nature and seriousness of danger posed by defendant's release, for purposes of determining whether pretrial detention is warranted under the Bail Reform Act, the court is required to consider whether the risk that a defendant poses can be mitigated by supervisory conditions, such as home detention or the presence of a third-party custodian. 18 U.S.C.A. § 3142(g)(4).

The parties respectfully submit this Joint Response to the Court's Minute Order.

_____/s/_____
David Benowitz
Bar No. 451557
Counsel for Jonathan Mellis
Price Benowitz LLP
409 Seventh Street, NW, Suite 200
(o) (202) 417-6000
(c) (202) 271-5249
(f) (202) 664-1331
david@pricebenowitz.com

                                                                         Respectfully submitted,

                                                                         MATTHEW M. GRAVES
                                                                         UNITED STATES ATTORNEY

                                    By:     _/s/ Emory V. Cole_
                                                      Emory V. Cole
                                                      PA. Bar #49136
                                                      Assistant United States Attorney
                                                      United States Attorney's Office for D.C.
                                                      601 D Street, N.W., Fourth Floor
                                                      Washington, D.C. 20530
                                                      E-mail: Emory.Cole@usdoj.gov
                                                      Telephone: (202) 252-7692

**THE GOVERNMENT'S SUPPLEMENT TO THE COURT'S MINUTE ORDER**

Fundamentally, for this Court to even consider the acceptability of a third party-custodian, this Court must make finding and hear testimony from the purported custodian and allow the government to cross examine that person at any proceeding - being "previously acceptable by Pretrial" as defense counsel has proffered is simply not enough. Indeed, regarding the purported third-party custodian identified by counsel for the defendant, the government respectfully avers that she would be ill-suited to be a third-party custodian of this defendant because of her romantic relationship with the defendant, and she must have been aware if not supportive of at least the defendant's actions and assaults on law enforcement officers, and she must have been aware of the fact that the defendant was coming to Washington, D.C., to disrupt a lawfully constitutional process.

More broadly, regarding the issue of third-party custodian the government was able to find a least two judges from this court, with other riot defendant cases, who had previously rejected third-party custodians, in part, because those judges determined that those persons proffered were romantic partners and/or family members and that those persons were deemed unacceptable. Specifically, in *U.S. v. Caldwell*, 540 F.Supp.3d 66 (2021), Judge Kollar-Kotelly, held, *inter alia*, that:

> . . . The Court has taken into consideration Defendant Caldwell's proposed third-party custodians, and recognizes that either Ms. Caldwell or Mr. Caldwell would offer him a place to live if he were released. However, the Court would not rely on either potential custodian to report potential violations, given the difficulty of relying on family members to report any violations of conditions—especially in light of the past violent interactions between Defendant Caldwell and Ms. Caldwell. The family members may also not have a means to know his whereabouts or activities to be able to report

any violations. Although Defendant Caldwell might still be able to convince the Court that "appropriate conditions, including a suitable third-party custodian, would mitigate the risk to community safety that his release poses," he has not made that substantial showing here. *See*, *United States v. Klein*, 539 F.Supp.3d 145, 156 (2021).

*Id*. at 84. *See also* copy of opinion marked as Exhibit 1.

Moreover, Judge Moss in *U.S. v. Klein*, 539 F.Supp.3d 145 (2021), rejected a similar request by that defendant. Judge Moss held that:

> . . . Because the propriety of Klein's pretrial release turns, in large part, on where he will live and who will take responsibility for ensuring that he complies with the terms of his (possible) release, and because Klein has failed to provide Pretrial Services[1] or the Court with a well-developed proposal, the Court must deny his motion for pretrial release, . . .

*Id*. at 156. *See also* copy of opinion marked as Exhibit 2.

The government outlines for this Court, in a non-riot case where the issue of third-party custodian was an issue in a child pornography case, Chief Judge Howell in *U.S. v. Glover*, 21-MJ-609 Document # 23 found, in part, that:

> . . . The Court finds that neither the stringent release conditions proposed nor the availability of two third-party custodians sufficiently minimize the risk that defendant would be prevented from further receiving child pornography through his participation in elusive online group chats dedicated to the sexual exploitation of children, including infants.
> In short, the nature and circumstances of the alleged offense conduct, combined with the strength of the evidence against defendant, indicate an extraordinary degree of danger to the community, particularly to vulnerable children, that the Court concludes cannot be mitigated through the well-meaning supervision of two family members.

*Id* at 12. *See also* copy of opinion marked as Exhibit 3.

---

[1] Although counsel for the defendant has alleged that the purported custodian had been vetted by Pretrial and that the time has expired, the government is not aware of any vetting process of this person and the government has not been given any information regarding this person to research her criminal history, and at this time the government strongly objects accordingly.

## CONCLUSION

These above-noted facts and circumstances, in consideration of the factors enumerated in 18 U.S.C. § 3142(g), demonstrate that defendant Mellis is a clear and present danger to the community. Accordingly, the United States requests that the defendant be detained without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:   /s/ Emory V. Cole
Emory V. Cole
PA. Bar #49136
Assistant United States Attorney
United States Attorney's Office for D.C.
601 D Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Emory.Cole@usdoj.gov
Telephone: (202) 252-7692