AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Raymond Glover ) | Case No. 21-mj-609 |
| _____ ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❒ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See Attachment.

Nature and circumstances of offense:

See Attachment.

The strength of the government's evidence:

See Attachment.

Case 1:21-cr-00669-BAH Document 13-3   Filed 05/24/22   Page 4 of 12
Case 1:21-cr-00669-BAH Document 23   Filed 06/24/22   Page 4 of 12

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

See Attachment.

The defendant's dangerousness/risk of flight:

See Attachment.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/24/2021

BERYL A. HOWELL
Chief Judge, United States District Court
for the District of Columbia

*United States v. Glover*, 21-MJ-609

**ATTACHMENT TO ORDER OF DETENTION PENDING TRIAL, PART III. C:**
**Consideration of Defendant's evidence/arguments for release and**
**18 U.S.C. § 3142(g) Factors**

(1) **The Defendant's evidence/arguments for release**:

The Magistrate Judge originally rejected defendant's "assert[ion] that he is neither a danger to the community nor a flight risk," which was predicated on "his history and personal characteristics." Order of Detention Pending Trial ("MJ Detention Order"), at 5, ECF No. 11 (noting that defendant "is a 41-year-old father of three, who has held a stable job with the federal government for over 20 years" and that he has "robust ties to the community"). Now, in opposition to the government's Motion for Emergency Stay and Review of the Release Order ("Gov't's Mot."), ECF No. 19, defendant does not dispute the serious nature and circumstances of his offense nor the substantial weight of the evidence against him, nor even his dangerousness, but instead posits that his proposed conditions of release, with home detention under the supervision of two relatives as third-party custodians, would "reasonably assure the safety of the community," Def.'s Opp'n to Gov't's Mot. ("Def.'s Opp'n"), at 2, ECF No. 21; *see also* Def.'s Mot. to Reconsider Release from Custody at 6, ECF No. 12 (same). The Magistrate Judge agreed, ordering defendant's release, on November 15, 2021, pursuant to extensive release conditions. *See* Release Conditions, ECF No. 18. Under this proposed release plan, defendant would be supervised at his aunt's three-bedroom home, either by his aunt, Grace Contee—who did not know about defendant's involvement with child pornography and is otherwise unfamiliar with the technologies that defendant used to access child pornography, *see* Gov't's Reply Mem. in Supp. of Mot. for Review ("Gov't's Reply"), at 1, ECF No. 22—or his cousin, Sarita Contee. While both custodians have smart phones, those would be password protected and not allowed to be turned over to defendant. Release Conditions at 2. Additional proposed release conditions

include that: (1) there would be no Internet connection at Grace Contee's residence, where defendant would live; (2) the door to his bedroom in that residence would be removed; (3) "at least one of the two custodians shall be present at the home at all times;" (4) the custodians "will require that any visitor surrender their electronic device[s];" and (5) the custodians "will independently conduct at least one daily random search of [defendant] and his room." Def.'s Opp'n at 1-2. As discussed *infra* at section 5, however, the Court concludes that these proposed conditions are insufficient to mitigate the danger that defendant poses to the community given his technological sophistication and concomitant use of technology to avoid law enforcement detection; his apparent ability to engage in subterfuge by concealing his illegal activity from family members; and the resulting risks that he may be able to apply those skills to revictimize children simply by regaining access to an iPhone or another device with Internet capabilities.

(2) **The Nature and Circumstances of the Offense**:

As the Magistrate Judge found in issuing his original order for pretrial detention, the nature and circumstances of the offense "weigh[] in favor of detention." MJ Detention Order at 5. Specifically, the government proffers that when law enforcement executed a search warrant at defendant's residence, at 6 A.M. on September 21, 2021, defendant responded to the agents' knock by saying he was naked and needed to get dressed, and when the agents entered the residence, they observed two disturbing child pornography videos displayed on his computer screens as part of an online video conference with other men, who were masturbating as they watched these videos. Gov't's Mot. at 4-6. One video displayed an "adult male put his erect penis on and around the infant's mouth" and the other an "adult male [who] penetrated or attempted to penetrate the infant's vagina with his erect penis." Compl. at 3, ECF No. 1. In a consensual interview, following defendant being given his *Miranda* warnings, defendant

admitted that he watched child pornography through mobile applications like Telegram and that "law enforcement would find child pornography on his phone due to [t]his activity." *Id.*

Defendant participated in at least four different chat groups dedicated to the sexual exploitation of children on the Telegram application accessible on not just computers but also mobile devices, including defendant's iPhone. Pursuant to the search warrant, the government seized thirteen electronic devices, which are subject to ongoing forensic examination. Since defendant's arrest on September 21, 2021, the government has uncovered over 125 videos and images of child pornography saved on defendant's laptop and iPhone, including depictions of infants and toddlers. Gov't's Mot. at 5-6.

The government's substantial evidentiary proffer describes an online community, in which defendant participated, that allowed like-minded individuals to meet, communicate, and exchange links and videos containing child pornography, as well as to livestream videos depicting child pornography, while using encryption and other privacy-enhancing techniques to avoid detection by law enforcement. *Id.* at 4-5. According to the government, one of the locations where defendant stored child pornography "was a secure application that has become increasingly used by more sophisticated child exploitation offenders trying to obfuscate law enforcement efforts to locate them." *Id.* at 6. Law enforcement was thus able to apprehend defendant only after infiltrating one of the Telegram chats in which he was a member. Gov't's Mot. for Pretrial Detention at 7, ECF No. 4. Further exacerbating the gravity of the charged conduct, at least one of the groups defendant was part of "focused on especially young children, infants and toddlers," *id.*, and the government has obtained chat sessions indicating that: (1) defendant may have been an administrator in one of the Telegram chats dedicated to sexually exploiting children, *id.*; (2) participants discussed methods to avoid law enforcement detection,

*see* Gov't's Mot. at 3; and (3) defendant bolstered his bona fides to the other chat participants by identifying himself as a "true dad," since defendant does in fact have children who do not live with him, Rough Hr'g Tr. (Nov. 23, 2021) at 8:10-9:11.

As a result of this offense conduct, defendant is charged with two serious felony offenses: (1) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), which carries a mandatory minimum penalty of 5 years and maximum term of imprisonment of twenty years' imprisonment, *see id*. § 2252A(b)(1), and possession of child pornography, in violation of *id*. § 2252A(a)(5)(B), which also may carry up to twenty years' imprisonment if any image of child pornography involved in the offense involves, as appears likely here, a prepubescent minor or a minor who had not attained twelve years of age, *see id*. § 2252A(b)(2).

In sum, the government's evidentiary proffer supports the finding that defendant has used fairly sophisticated secure technology and applications for a lengthy period of time to obtain and view child pornography and connect with other people who want to engage in this same illegal activity for sexual gratification—as confirmed by the virtual session of men masturbating observed by law enforcement upon entering defendant's residence to execute the search warrant. Plus, defendant may have been so deeply involved in this online community as to gain administrator privileges and engaged in chat sessions about means to conceal these activities from law enforcement. *See* Gov't's Mot. at 3, 6. The nature and circumstances of defendant's offense conduct weigh very heavily in favor of pretrial detention.

**(3) The Weight of the Evidence Against the Person:**

As the Magistrate Judge found in issuing an order for pretrial detention, on September 23, 2021, the weight of the evidence against this defendant is "very strong" and favors pretrial detention. MJ Detention Order at 5. This evidence has only gotten stronger since the original

pretrial detention order was entered as the forensic examination of defendant's thirteen seized electronic devices has continued.

The government's incriminatory evidence against defendant is supported by the seizure of over 125 videos of child pornography on his laptop and iPhone; the law enforcement agents' observations at the search warrant execution at defendant's apartment of two videos being displayed that involved the chilling sex abuse of infants, while men watching masturbated in a web meeting; defendant's admissions to law enforcement at the time of his arrest that he had viewed child pornography on Telegram and that some of the content he had received through Telegram depicted children as young as 5 and 6 years old; and defendant's membership over some period of time in several Telegram group chats dedicated to child pornography, including groups focused on the sex abuse of infants and minors. Gov't's Mot. at 5-6.

In sum, the weight of the evidence against this defendant is overwhelming and favors pretrial detention.

(4) **The History and Characteristics of the Person**:

Defendant has no criminal history, has lifelong ties to the Washington D.C. area, and enjoys substantial support from family members. *See* Pretrial Services Report, ECF No. 3; Rough Hr'g Tr. (Nov. 23, 2021) at 17:23-24. As the Magistrate Judge noted in issuing his initial order for pretrial detention on September 23, 2021, *see* MJ Detention Order at 6, defendant has been steadily employed by the federal government for over two decades, a period during which he apparently assisted others obtain federal employment, and standing alone, these considerations "weigh[] in favor of release," *id*.

At the same time, however, defendant's commendable public facing life is not the whole story. *See* Rough Hr'g Tr. (Nov. 23, 2021) at 23:5-7 (emphasizing defendant's ability to "lead a

dual life"). As the government indicates, defendant's conduct does not appear to have been a "spontaneous decision made in a moment of weakness." Gov't's Mot. for Pretrial Detention at 8. The government credibly proffers that defendant regularly received and accessed child pornography since at least 2020 through his arrest on September 21, 2021, when law enforcement discovered him at 6 A.M watching child pornography through a web video conferencing application together with other men who were masturbating. *Id.* In addition, law enforcement found methamphetamine on defendant's desk the day of his arrest, suggesting active illegal drug use. Gov't's Mot. at 5.

Thus, taken together, defendant's history and characteristics weigh only slightly in favor of his release.

**(5) The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release:**

The nature and seriousness of the danger to the community posed by defendant's release weigh strongly in favor of detention.

The Court recognizes the toll that illicit sexual conduct with minors and the distribution of child pornography has taken, and continues to take, upon the community and particularly children, who are its most vulnerable members. The danger posed by individuals who engage in such illegal conduct informed Congress's decision to create the statutory presumption of detention for offenses like the one with which defendant is charged is here. *See* 18 U.S.C. § 3142(g). The evidence proffered by the government demonstrates that defendant, if released, will continue to pose a serious risk of danger to children in the local community and possibly beyond given the reach of online networks engaged in the sexual exploitation of minors.

Sophisticated online communities that trade in child pornography, like those defendant was a member of, foster the continuing exploitation of children, including those at shockingly

young ages, such as infants and toddlers, and these online groups use tools and applications to conceal their unlawful conduct—as defendant is alleged to have done here. Technologically savvy actors like defendant are thus able to receive and view child pornography through channels not easily detected by law enforcement.

Defendant nevertheless argues that "the numerous strict conditions of release imposed by the" Magistrate Judge "reasonably assure the safety of the community and his return to Court." Def.'s Opp'n at 2. Despite the extensive list of conditions, summarized *supra*, serious doubts remain that these conditions will be rigorously and continuously enforced by defendant's aunt and cousin, who are loving and supportive family members, to ensure that defendant will be prevented from further victimizing children while this case reaches a final disposition. No double-check on compliance with these conditions is available since D.C. Pretrial Services Agency personnel do not conduct home visits. Moreover, the lead third-party custodian proposed by defendant, his aunt Grace Contee, is on remission from a serious illness and testified during an earlier detention hearing before the Magistrate Judge that she is unfamiliar with the mobile applications and technologies that defendant used to access child pornography. *See* Gov't's Reply at 1. As the government's substantial proffer establishes, defendant used digital devices – particularly his cellphone – to commit the charged offenses and to communicate with like-minded individuals who engaged in similar conduct, so the proposed conditions of home confinement do not assuage the Court's concerns that defendant might continue to engage secretly in other exploitative acts, or communicate with individuals performing exploitative acts, in areas of Ms. Contee's home offering more privacy than his doorless bedroom, like a bathroom or other room with a door.

*United States v. Glover*, 21-MJ-609

Defendant—who had thirteen electronic devices at his residence the day of his arrest and used secure applications to conceal his online activities—is a fairly sophisticated user of technology. As the government details, defendant received and came to possess child pornography through his participation in group chats accessible on mobile and other Internet-connected devices. Thus, all it would take for him to revictimize children is to simply gain access to an iPhone or other device, including a television, with Internet capabilities. Indeed, Pretrial Services cautioned that the television service provider at Grace Contee's home also provides Internet connectivity, which may be facilitated surreptitiously given Grace Contee's admitted lack of technological expertise. *See* Rough Hr'g Tr. (Nov. 23, 2021) at 32:24-33:22. The Court finds that neither the stringent release conditions proposed nor the availability of two third-party custodians sufficiently minimize the risk that defendant would be prevented from further receiving child pornography through his participation in elusive online group chats dedicated to the sexual exploitation of children, including infants.

In short, the nature and circumstances of the alleged offense conduct, combined with the strength of the evidence against defendant, indicate an extraordinary degree of danger to the community, particularly to vulnerable children, that the Court concludes cannot be mitigated through the well-meaning supervision of two family members. This factor therefore weighs heavily in favor of detention.