UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** ) <br> ) <br> v. ) <br> ) <br> **JONATHAN MELLIS** ) <br>          **Defendant.** ) <br> ) | Criminal No. 21-cr-206-1 (EGS) |

**DEFENDANT'S REPLY TO GOVERNMENT'S CONTINUED OPPOSITION TO DEFENDANT'S MOTIONS FOR RECONSIDERATION OF PRETRIAL DETENTION**

     Defendant Jonathan Mellis, by and through undersigned counsel, pursuant to the Court's minute order issued on September 20, 2022, respectfully files this non-repetitive reply to the government's Continued Opposition. *See* Dkt. No. 39. The government essentially expounded upon two issues in its Opposition, to which Mr. Mellis replies below. Mr. Mellis incorporates and reiterates his request to reconsider pretrial detention detailed in previous filings. *See* Dkt. Nos. 27, 29, 30, 32, 34, 35, and 36.

     **I.**     **Avigdor Is Well-Suited to Support the Approved Third-Party Custodian**

     Mr. Mellis has proposed a thorough, extensive, and detailed release plan that includes the retention of Avigdor Protection Agency, LLC ("Avigdor") to support Kelly Wilde in her role as a third-party custodian. Mr. Mellis has already demonstrated that Ms. Wilde's qualifications to be a third-party custodian are beyond reproach; in addition to being screened and approved by Pretrial Services ("PSA") on two separate occasions, Mr. Mellis provided the Court with character letters, background information, and personal financial information for Ms. Wilde to supplement PSA's approval. Going further still, Mr. Mellis arranged for Avigdor to support Ms. Wilde via daily monitoring.

1

The government fails to explain its opposition to Avigdor conducting check-ins to verify Mr. Mellis's compliance with potential release conditions, and it is unclear why this additional layer of supervision should cause the Court concern. The government argues that because Avigdor has not done a court-mandated contract previously, that it is "wholly inadequate," and thus "ill-suited." The government's claims are unavailing. To the contrary, Avigdor would provide the Court with even more assurances that it could reliably track and enforce conditions of release.

Instead, the government seems to speculate that Avigdor may somehow be corrupted to violate federal law by Ms. Wilde and her "financial resources." The government provides not a shred of evidence to substantiate claim and, as such, this Court should not consider it.

## II.     Adam Mellis' Alleged Interview Statements are Unreliable

In its Opposition, the government provides select quotations allegedly made by Mr. Mellis' brother, Adam, to FBI agents in a March 2021 interview. The government provides no context for these selected statements, no transcript or recording, or any other type of documentation for this interview. Thus, the Court has no context nor basis to establish the reliability of these purported statements.

However, Mr. Mellis provides context to these inflammatory statements. *See* Exhibits 1, 2, and 3. In fact, as in many families, Mr. Mellis and his brother Adam have a complicated relationship. Adam is fifteen years older than Jonathan and, as detailed in the attached statements from their mother, sister, and brother, there are several reasons why Adam would provide unreliable information about Jonathan. *Id*. Donna Mellis, Jennifer Mellis, and Aaron Mellis all describe Adam's history of harboring negative feelings towards Mr. Mellis for reasons wholly

2

immaterial to the issue before the Court. And, it should be noted, that Adam nonetheless subsequently wrote to the Court in support of Mr. Mellis' release.

The government has not provided the Court or the defense with the full transcript of Adam Mellis' interview, and the cherry-picked quotations it does provide are unavailing. Rather than a reliable account of Mr. Mellis' actual behavior, they are the product of complicated, often resentful feelings from one sibling to another. The interview statements stand in stark contrast to the consistent, supportive words offered by Mr. Mellis' family and friends, including Adam, in the many letters of support that have been provided in previous filings. The government's argument that these purported interview statements should supplant or outweigh the body of evidence before the Court is without merit.

Further, the government goes on to highlight cases it already discussed in Dkt. No. 28, so Mr. Mellis will not repeat here the numerous examples of cases where individuals charged with more serious conduct than Mr. Mellis have been released. *See* Dkt. Nos. 27, 29, 30, 32, 34, 35, and 36. Suffice it to say that the previous filings by Mr. Mellis show where his alleged conduct falls on the spectrum of January 6 cases, and why he should be released pending trial.

WHEREFORE, for the reasons described above and those detailed in previous filings, Mr. Mellis respectfully requests that the Court release him under conditions that it deems appropriate.

Respectfully submitted,

_____/s/_____
David Benowitz
D.C. Bar No. 451557
Price Benowitz LLP
409 Seventh Street, NW
Suite 200
Washington, DC 20004
david@pricebenowitz.com
*Counsel for Jonathan Mellis*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of September, 2022, a copy of this pleading was served on all parties via the CM/ECF system.

                                                      ____/s/_____
                                                      David Benowitz